# Monaghan et ux., Appellants, *v.* Smyth, City Solicitor.

*Equity—Land damages—Mistake as to owner—Appeals.*

1. Where a jury of view awards damages to "owners of premises shown on official plan as registered" in the name of a specified estate, and the city takes an appeal from the award, owners cannot, pending such an appeal, file a bill in equity alleging that the damages allowed for a particular property designated, should be recovered by them and not by the estate mentioned in the award.

Argued January 8, 1923. Appeal, No. 128, Jan. T., 1923, by plaintiffs, from decree of C. P. No. 1, Phila. Co., June T., 1921, No. 6010, dismissing bill in equity, in case of Hugh I. Monaghan and Margaret J. Monaghan, his wife, v. David J. Smyth, City Solicitor. Before

MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ.   Affirmed.

Bill in equity.   Before PATTERSON, J.
The opinion of the Supreme Court states the facts.
Bill dismissed.   Plaintiff appealed.
No assignments of error in printed brief.

*Hugh I. Monaghan,* p. p.

*Haines D. Albright,* Assistant City Solicitor, with him *Glenn C. Mead,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellee.

PER CURIAM, February 12, 1923:
The real estate at 2427 Buttonwood Street was appropriated by the City of Philadelphia for parkway purposes; the jury of view made an award, covering this property, of $2,835, with interest from December 9, 1909, "To owners of premises shown on official plan as registered in the name of estate of John A. Weart." The municipality appealed to the Court of Common Pleas No. 3, and, while that appeal was pending, plaintiffs filed a bill in equity in the court below (C. P. No. 1), wherein they alleged that the damages allowed for the appropriation of 2427 Buttonwood Street should be recovered by them and not by the estate mentioned in the award. The bill was dismissed, and the present appeal followed.

As we read the award, it does not undertake to say who are the owners of the premises in question; it merely mentions "the estate of John A. Weart" as a mark of identification. However this may be, since the city's appeal is still pending in another tribunal than the court below, plaintiffs mistook their remedy when they filed the present bill, and it was properly dismissed.

The order appealed from is affirmed, at cost of appellants, and without prejudice.